of the next matter on our calendar is United States of America v. Damon Montgomery. Good morning, your honors. May it please the court, my name is Sarah Kunstler and I represent the appellant, Damon Montgomery. As this court has long emphasized, a guilty plea is no mere federal rules of criminal procedure. Before accepting a guilty plea, a district court must satisfy that a defendant understands and knowingly agrees to at least 15 rights as well as possible sentences. This circuit requires strict adherence to rule 11 and examines critically even slight procedural deficiencies to ensure that a defendant's guilty plea was a voluntary and intelligent choice and that none of the defendant's substantive rights have been counted. Counsel, is there any evidence in the record that had the district court informed Mr. Montgomery of all his rights that he might not have taken the plea? Well, I think that we can look at the fact that this is a plea taken on the eve of trial, that this is an appellant who long had committed himself to exercising his right to trial, and this is also an appellant who at the time of his plea expressed confusion, particularly with There was no objection, was there? So this is a plain error test? Yes, yes, that's correct. And under plain error, don't we look significantly to whether it really looks as though the person would not have pled if he had been told rather, you know, the right to compel witnesses, freedom from self-incrimination, duty to calculate the guideline range. Those are the primary errors that the court made in not by making his plea that he would not have pled. Well, I think first, this is a rule 11 C1C plea. And I think in particular, these pleas need to be scrutinized because essentially the appellant is locking himself in to an agreed upon sentence. He has no opportunity after this moment to ask the court for less than what's articulated in this plea. And I think the appellant's confidence in a fair adjudication before the district court was compromised by the fact that he didn't understand why he was pleading to personally accepted drugs from someone he did not accept drugs from. Counsel, didn't he get a good deal in this plea? A really good deal? Avoiding trial and the chance of life imprisonment? Well, you know, we have someone here who pled to 216 months, which is 18 years. Right. And, and like I understand, he's also a person that has the right, as does every defendant to exercise his right to trial, no matter what the stakes and the exposure. Right. And, you know, he expressed no question. There's no question that he has a right to trial. The question is, is it reasonable to think on these circumstances, given this court's failure to mention something which rule 11 requires that he would have done differently? Well, you know, even in at his sentence or at his plea in the transcript, you can see him expressing his belief that he has no fair shot at trial. Right. He expresses that, you know, that the government had prosecuted his case in the media, that he had no opportunity. And you have that combined with the fact that the court did not adequately explain to him that he had a right to an attorney throughout these proceedings, including trial. And he knew he knew about the since he had requested one, hadn't he? That he had requested an attorney? Didn't he request an earlier proceeding? Yeah. But, you know, knowing that you have the right to an attorney at an earlier proceeding doesn't mean that, you know, that this is not a person with a sophisticated understanding of the criminal justice system, you know, that he had a right at every stage up to and including trial. This is a person who's standing before a judge saying, I don't think I have a fair shot at this at the same time when the judge is failing to inform him of certain critical rights codified in Rule 11. So I think I think it's troubling. And it's particularly troubling because it's not hard. Right. It's not hard to follow Rule 11. Your Honor. The trouble with that is that, well, it isn't hard to follow Rule 11. I never was a district judge, but it is amazing how many, many cases there are in which district judges do not follow Rule 11 completely. And so, though we say we have a strict, strict, strict rule about Rule 11, that isn't in fact what happens. I mean, we may say it a thousand times, but in fact, what happens is that this court looks to whether in the circumstances it made sense for the guy to plead and that there was any real reason to think that he would have done otherwise. Yeah, well, you know, perhaps your honors need to send a stronger message here because the message clearly isn't getting through to the district courts. And that's fair enough. I know I agree that it's disheartening that all it would take is a script on the bench and check off all the points that many district judges don't do that. I agree with that. But you have to show how your client was prejudiced. And it's hard, I think, to make that showing. Yeah, I recognize what your honors are saying, that it's hard to make that showing. You know, it's hard to make that showing in any case where an appellant has offered a plea deal that puts him in a better circumstances than he would be if he had lost at trial. And that's what sets the bar high. But I think, I do think that there in Disha here, in this case, that this plea wasn't knowing involuntary, that my client had confusion, that he had resisted a plea up until the eve of trial, that he expressed that he had no shot. I, you know, your honors are the ultimate arbiters here. But, you know, this is not a case that's without factual support for confusion and in Disha that my client would have done something else if he had been properly informed. You know, because in the end, what you have is a client who's confused. And that's what the problem. It's not even clear that he understood conspiracy here or what a conspiracy was in the part where there's the factual allocution about who he gave the drugs to and what he was responsible for. And this was written into his plea agreement. This factual allocution is written there. Here, I know a defendant isn't required to allocate in his own words. I know yes and no answers are enough. But in this case, that the fact, you know, given everything we've discussed, the fact that his allocution was yes and no answers in response to his confusion about what the factual, you know, allegations, which he, you know, that as written in the plea agreement, which he said were not accurate. I mean, it's just it's too much, your honors. Counsel, you've reserved two minutes for rebuttal. We'll hear from the government. Thank you, your honors. Good morning. May it please the court. Catherine Gregory, assistant U.S. attorney representing the United States. I'd like to start with the standard of review and Mr. Montgomery's burden here. This is plain error, as your honors noted. And as this court explained in Marr, matters of reality and not ritual should control when evaluating Rule 11, so long as the district court has ensured that the plea is knowing and voluntary. And Mr. Montgomery bears that burden of demonstrating that but for the alleged errors, he would not have pled guilty in this case, a case where he knew and said he was concerned about the potential for a possible life sentence if he proceeded to trial and lost. He hasn't met that burden. He hasn't cited a single potential witness for whom the possibility of compelled testimony would have changed that decision. And that comports with his a desire to call witnesses. And in fact, the proposed jury instructions that he submitted include an instruction about a defendant not having to call witnesses and that can't be held against him. He clearly understood his right to counsel because he asked for and received appointed counsel at the outset of the case. And the district court explained to him that he was entitled to counsel, quote, throughout the proceedings, end quote. And his appointed attorney continued to make those pretrial submissions in the days leading up to the plea. Mr. Montgomery never moved to withdraw his plea. And even in his brief, he says that these alleged errors only suggest that he may not have pled guilty. But suggest and may and might, these aren't the standard. He has to show that but for these errors, he would have rolled the dice and proceeded to trial. And whether these are harmless have to be resolved on the record and not as this court explained in Harrington on speculation about his state of mind. Here, the record is clear. The district court's colloquy, the 11C1C, the very favorable 11C1C agreement and the proceedings up until the plea all demonstrate that this was knowing and voluntary. Counsel. Yes. Counsel, I hear you. But is there anything that we can or should do to make district courts abide by rule 11? I mean, this was a particularly gross series of violations. I mean, any number of things which are on the list were not said. Now, what are we supposed to do? What you've said is what the cases say, of course. And that's what we grilled the other side. But it does put us in a peculiar situation that we have this rule, which we say is crucial, which we say must be abided by. And then in every case, we get this, even in as gross a case as this. I can suggest that to the panel that although this case, based on the standard of review, should be affirmed, perhaps the court could emphasize that while this is the standard, district courts should have this kind of practice. Isn't it perhaps the job of the U.S. attorneys in these cases, who have much more experience, to see to it that the judge makes the right statements? I mean, isn't that something that if you all look to and talk to it that the judge did, it would be done? Were you the trial attorney counsel? Were you the trial attorney? No, I was not, Your Honor. I'm not blaming you in any way, or even the trial counsel. I'm just talking generally, if this is something that could become one of the things that the U.S. attorneys' offices felt it was their job also to see to it. Yes, Your Honor. And I can certainly empathize with seeing these Rule 11 cases come up through the appellate process. I can empathize with some of that frustration. And I would certainly agree that it's our job as well to make sure that Rule 11 is adhered to. And in this case, however, I think that based on the standard of review and the burden placed on the appellant, that this case should be affirmed. And if the panel thinks that perhaps there should be a reminder in an affirmance about the importance of perhaps a script by the district court, then that's something I can certainly say for myself I would wholeheartedly get behind. Well, it's one thing to have it in an order that might not enjoy the widest readability of a bestseller list. It's another thing, since you agree that it is the U.S. attorney's obligation, correct? You do agree with that? I believe that we certainly have an interest in ensuring that Rule 11 is adhered to, but it is the district court, I believe, under the text of Rule 11 that has... So, for example, if you were sitting there at trial listening to a jury charge that omitted the presumption of innocence, you would be on your feet saying, Judge, I think you need to make clear to the jury that there is a presumption of innocence, wouldn't you? Yes, I would if I missed something. Although no one here objected during the proceedings, not the defense attorney, not the U.S. attorney's office. From that standpoint, that's not a virtue. No, I'm sorry. I'm having a little trouble hearing, Your Honor. I'm turning up my volume. Oh, I'm sorry. In any event, do you agree that the government has an obligation to assure that Rule 11 is complied with? I would have to, before I could bind my office, I would have to check with the case law and the text of Rule 11 before I could agree with that. But as a personal matter, I think that office should always be following along and paying close attention to these Rule 11 colloquies. Do you think it would be at least appropriate for you to bring to the attention of managers in your office that a panel of the Court of Appeals was concerned that the government was not adequately assuring Rule 11 compliance? Yes, and I certainly will based on this argument. Thank you. And unless the panel has any further questions, based on the standard of review and Mr. Montgomery's failure to meet his burden, we ask that the court affirm the judgment. Thank you, counsel. Ms. Künstler, you have two minutes for rebuttal. You have to unmute. Sorry about that. Thank you, Your Honors. I mean, I think in this case, given the gross series of errors with respect to Rule 11, given my client's confusion on the record, given the issues with the factual allegations, I don't think we can be confident that Mr. Montgomery accepted this plea knowingly and voluntarily. And I don't think that a reminder in an affirmance sends the appropriate message here or vindicates my client's rights. I think merely demonstrates that there is no consequence for these types of errors. I mean, my client is spending 18 years in prison. He was sentenced to 18 years. That is no mere trifle. It may be he may have received a benefit of a bargain, but that is a lengthy sentence to sit there serving after these kinds of troubling errors at his plea. I think here's a man certainly who is facing the possibility of a significantly worse sentence. And yet here he is appealing. And I think this record and I know the fact of his appeal, knowing what he knows now that he would do things differently is part of the narrative of this case. You know, he faces a significantly worse sentence and yet he appeals because now he understands what he did not then. And I ask your honors to take a look at this record and to think strongly about sending a Thank you. Thank you, counsel. Thank you. Both will reserve decision. Thank you very much.